UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| vs. | RE:<br>36 Sugarloaf Lane, Bangor, ME 04401 |
| **Danielle M. Drew** | Mortgage:<br>April 11, 2008<br>Book 11357, Page 55 |
| **Defendant**<br>**Great Skates Entertainment, Inc.** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Danielle M. Drew, as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank

National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1, in which Danielle M. Drew and James L. Drew are the obligor and the total amount owed under the terms of the Note is One Hundred Ninety Thousand Ninety-Eight and 71/100 ($190,098.71) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1 is a National Association with its main place of business located at 425 Walnut Street, Cincinnati, OH 45202.

5. The Defendant, Danielle M. Drew, is a resident of Bangor, County of Penobscot and State of Maine.

6. The Party-in-Interest, Great Skates Entertainment, Inc., has been administratively dissolved and its former officer and director is Thomas G. Ellis who is located at 2402 Route 2, Suite G, Hermon, ME 04401.

## FACTS

7. On April 11, 2008, by virtue of a Quitclaim Deed from Lawrence L. Johnson and Mary W. Johnson, which is recorded in the Penobscot County Registry of Deeds in **Book 11357, Page 53**, the property situated at 36 Sugarloaf Lane, City/Town of Bangor, County of Penobscot, and State of Maine, was conveyed to James L. Drew and Danielle M. Drew, as joint tenants, being more particularly described by the attached Exhibit A (a true and correct

copy of the legal description is attached hereto and incorporated herein).

8. On April 11, 2008, Danielle M. Drew and James L Drew, executed and delivered to Bank of America, N.A. a certain Note under seal in the amount of $130,455.00. Defendant, Danielle M. Drew's personal liability is limited and/or extinguished by the Chapter 13 bankruptcy filed which resulted in a bankruptcy hardship discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on April 11, 2008, Danielle M. Drew and James L Drew, executed a Mortgage Deed in favor of Bank of America, N.A., securing the property located at 36 Sugarloaf Lane, Bangor, ME 04401 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 11357**, **Page 55**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to The Secretary of Housing and Urban Development by virtue of an Assignment of Mortgage dated August 21, 2014 and recorded in the Penobscot County Registry of Deeds in **Book 13755**, **Page 81**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to U.S. Bank Trust, N.A., As Trustee For LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated December 30, 2014 and recorded in the Penobscot County Registry of Deeds in **Book 13755**, **Page 83**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Morgan Stanley Mortgage Capital Holdings LLC by virtue of an Assignment of Mortgage dated August 6, 2018 and recorded in the Penobscot County Registry of Deeds in **Book 14923**, **Page 241**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to U.S. Bank Trust National Association, As Trustee Of CVI CGS Mortgage Loan Trust I by virtue of an Assignment of Mortgage dated September 12, 2018 and recorded in the Penobscot County Registry of Deeds in **Book 14959**, **Page 32**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Mill City Mortgage Loan Trust 2019-GS1 by virtue of an Assignment of Mortgage dated November 26, 2019 and recorded in the Penobscot County Registry of Deeds in **Book 15394**, **Page 288**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. Upon information and belief, James L. Drew died on July 08, 2020 and pursuant to their joint tenancy, all right, title and interest in the subject property passed to Danielle M. Drew.

16. The Mortgage was further assigned to U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1 by virtue of a Corrective Assignment dated September 26, 2023 and recorded in the Penobscot County Registry of Deeds in **Book 16953**, **Page 331**. *See* Exhibit I (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

17. On March 21, 2023, the Defendant, Danielle M. Drew, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $178,136.28 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing (in addition to the aforesaid chain of assignments) in this foreclosure and sale action (but no personal liability on the part of Danielle M. Drew). *See* Exhibit J (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

18. On October 12, 2023, the Defendant, Danielle M. Drew, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

19. The Demand Letter informed the Defendant, Danielle M. Drew, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

20. The Defendant, Danielle M. Drew, failed to cure the default prior to the expiration of the Demand Letter.

21. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

22. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1, hereby certifies that it is the lawful holder and owner of the Note and Mortgage.

23. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

24. Great Skates Entertainment, Inc. may be a Party-in-Interest pursuant to a Mortgage in the amount of $58,000.00 dated March 17, 2011, and recorded in the Penobscot County Registry of Deeds in **Book 12430**, **Page 346** and may be in second position behind Plaintiff's Mortgage as subject to any and all orders issued by the U.S. Bankruptcy Court

(Maine) *In Re James L. Drew*, Docket No. 11-11647 (including, but not limited to, ECF 19 therein).

25. The total debt owed under the Note and Mortgage as of November 24, 2023, is One Hundred Ninety Thousand Ninety-Eight and 71/100 ($190,098.71) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $178,136.28 |
| Interest | $4,857.15 |
| Fees | $2,370.18 |
| Funds Owed by Borrower | $4,735.10 |
| Grand Total | $190,098.71 |

26. Upon information and belief, the Defendant, Danielle M. Drew, is presently in possession of the subject property originally secured by the Mortgage.

## FORECLOSURE AND SALE

27. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1, repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 36 Sugarloaf Lane, Bangor, County of Penobscot, and State of Maine. *See* Exhibit A.

29. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as

Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1, has the right to foreclosure and sale upon the subject property. S*ee Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).

30. The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1, is the current owner and investor of the aforesaid Mortgage and Note.

31. The Defendant, Danielle M Drew, is presently in default on said Mortgage and Note, having failed to make the monthly payment due April 1, 2023, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note but has no personal liability in this matter.

32. The total debt owed under the Note and Mortgage as of November 24, 2023 is One Hundred Ninety Thousand Ninety-Eight and 71/100 ($190,098.71) Dollars.

33. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

34. By virtue of the Defendant, Danielle M. Drew's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Danielle M. Drew's hardship discharge in bankruptcy and, accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Danielle M. Drew, but only seeks *in rem* judgment against the property.

35. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Danielle M. Drew, on October 12, 2023, evidenced by the Certificate of Mailing. *See* Exhibit K.

36. The Defendant, Danielle M. Drew, is not in the Military as evidenced by the attached Exhibit L.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, Danielle M Drew's hardship discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property;

b) Determine the amounts due, and priority of, any Parties-In-Interest's liens who appear in this matter;

c) Grant possession to the Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1, upon the expiration of the period of redemption;

d) Find that the Defendant, Danielle M. Drew, is in breach of the Note by failing to make payment due as of April 1, 2023, and all subsequent payments, however, as affected by Defendant, Danielle M. Drew's hardship discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of the Defendant, Danielle M. Drew, but only seeks *in rem* judgment against the property;

e) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

f) Find that while the Defendant, Danielle M. Drew, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 36 Sugarloaf Lane, Bangor, ME 04401;

g) For such other and further relief as this Honorable Court deems just and equitable.

                                                                        Respectfully Submitted,
U.S. Bank National Association, not in its individual capacity but solely as Indenture Trustee of Mill City Mortgage Loan Trust 2019-GS1,
By its attorneys,

Dated: November 30, 2023

                                                    /s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com